# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 19-1396V

|  |  |
|---|---|
| MICHELE MULLOY,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: November 6, 2023 |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Katherine Carr Esposito, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On September 12, 2019, Michele Mulloy filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration resulting from adverse effects of an influenza vaccine she received on October 31, 2018. Petition at 1. On February 21, 2023, I issued a decision awarding damages to Petitioner, following briefing by the parties. ECF No. 54.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $61,866.66 (representing $60,125.90 for fees and $1,740.76 for costs). Petitioner's Application for Attorneys' Fees and Costs filed Aug. 25, 2023, ECF No. 61. In accordance with General Order No. 9, Petitioner represents that she incurred $412.28 in out-of-pocket expenses. *Id.* at 2.

Respondent reacted to the motion on Aug. 29, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 62. On Aug. 30, 2023, Petitioner filed a reply requesting attorney's fees and costs be awarded in full. ECF No. 63.

I note this case required additional briefing regarding the issue of damages. *See* Status Report, filed Mar. 28, 2022, ECF No. 41 (reporting an impasse in damages discussions); Petitioner's Brief on Damages, filed Jul. 1, 2022, ECF No. 46; Petitioner's Reply Brief, filed Aug. 19, 2022, ECF No. 50. Petitioner's counsel expended approximately 19.70 hours drafting the brief in support of damages; and 9.50 hours drafting the reply brief, totaling 29.20 hours. ECF No. 61-1 at 11-13. I find this amount of time to be reasonable and I will award the attorney's fees requested. (And all time billed to the matter was also reasonably incurred). Lastly, Petitioner has provided supporting documentation for all claimed costs. ECF No. 61-2. And Respondent offered no specific objection to the rates or amounts sought.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded the total amount of $62,278.94[3] as follows:**

- **A lump sum of $61,866.66, representing reimbursement for fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel Leah V. Durant and;**

- **A lump sum of $412.28, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir. 1991).

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.